**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ALI KAIRGADAM,

       *Plaintiff-Appellant,*

       v.

BELL ATLANTIC CORPORATION, d/b/a
Bell Atlantic Network Services,
Incorporated,

       *Defendant-Appellee.*

No. 02-1074

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-00-483-CCB)

Submitted: July 31, 2002

Decided: September 23, 2002

Before WIDENER, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James R. Klimaski, Debra D'Agostino, KLIMASKI & GRILL, P.C.,
Washington, D.C., for Appellant. R. Michael Smith, DECHERT,
PRICE & RHOADS, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ali Kairgadam was terminated from his position with Bell Atlantic Corporation d/b/a Bell Atlantic Network Services, Inc. ("BANSI"). He filed suit alleging that he was terminated from his position in violation of Title VII of the Civil Rights Act of 1964, as amended.* In his complaint, Kairgadam alleged that BANSI discriminated against him on the basis of his national origin, here Iran, and in retaliation for his earlier complaints of discrimination.

In its motion for summary judgment, BANSI alleged that it did not discriminate against Kairgadam because of his national origin or in retaliation for earlier complaints of discrimination. BANSI's materials only addressed Kairgadam's allegations as claims of disparate treatment under the familiar burden-shifting paradigm for indirect evidence of discrimination as outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). In his response, Kairgadam only addressed the claims at issue as disparate treatment claims— Kairgadam did not allege in his opposition that he was a victim of a hostile work environment. *See, e.g.*, *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 772 (4th Cir. 1997). Accordingly, the district court granted summary judgment to BANSI and dismissed the action finding that Kairgadam's disparate treatment claims failed as a matter of law. Arguably, Kairgadam raised a hostile environment claim in his motion to reconsider, under Fed. R. Civ. P. 59(e), which the district court denied.

On appeal, Kairgadam does not contest the dismissal of his disparate treatment claims. Rather, he only alleges that the district court failed to rule on his claim that he suffered from a hostile work envi-

---

*Kairgadam also alleged violations of state law, which he has failed to contest on appeal.

ronment because of his national origin. Kairgadam, however, waived this claim because he failed to assert it in his opposition to BANSI's motion for summary judgment in the district court. "Even an issue raised in the complaint but ignored at summary judgment may be deemed waived. 'If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.'" *Grenier v. Cyanamid Plastics, Inc.*, 70 F.3d 667, 678 (1st Cir. 1995) (quoting *Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986)). An issue raised for the first time in a Rule 59(e) motion is not preserved for appellate review unless a district court exercises its discretion to excuse the party's lack of timeliness and considers the issue. *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605-06 (4th Cir. 1999).

Accordingly, because Kairgadam waived review of the only claim he raises on appeal, we affirm the district court's dismissal of his action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*